## ROGERS v PEOPLES BUILDING & SAVINGS COMPANY et

Probate Court, Greene Co

Decided August 12, 1938

Charles Points, Xenia, for plaintiff.
J. Carl Marshall, Xenia, for defendant, Peoples Building & Savings Company.

Herbert S. Duffy, attorney general, Columbus, and Virgil P. Cline, asst. atty. general, for defendant, Division of Aid for the Aged.

### OPINION

By HENRIE, J.

Petitioner in this cause, William S. Rogers, is the duly appointed administrator of the estate of Sallie A. Perry Harris. There are certain claims against this estate which have been recognized by the petitioner and he, being at a loss to determine the priority of the respective claims, has filed a petition in the Probate Court of Greene county asking that the court determine the order in which these claims are to be paid.

Among the claims are those of the defendant, the Division of Aid for the Aged,

Department of Public Welfare of the State of Ohio, of which $751.40 is for aid paid to the decedent, Sallie A. Perry Harris, which claim has been recognized by the administrator, William S. Rogers, and also a claim for $682.70 for aid paid to George Harris, husband of Sallie A. Perry Harris. This claim has not been recognized by the administrator, William S. Rogers.

Two sections of the Ohio General Code must necessarily be considered in an effort to determine the priority of claims, to-wit: Secs 10509-121 and 1359-7 GC. §10509-121 GC does not create any preferred claims. It simply enumerates the order in which claims as stated therein, are to be paid.

Sec 1259-7 GC states in part:

"Upon the death of a person, the total amount of aid paid to said person and/or to his or her spouse under this act, shall be a preferred claim against the estate of such deceased person."

The solution to the controversy here depends upon the construction of this section of the Ohio General Code. The primary rule for the construction of statutes is to give effect to the intent of the legislature and the intent of the legislature must be ascertained first from the language used by the legislature. Among others, the following authorities hold forth this proposition: Sipe v State, 86 Oh St 80; King v Greenwood Cemetery, 67 Oh St 244; Christ-Diehl Brewing Co. et v Schulz, Treas, 96 Oh St 27; Wehrle v Wehrle, 39 Oh St 365.

The language used in the statute under consideration is that the Division of Aid for the Aged has a preferred claim. In the construction of statutes, words and phrases are to be taken in their plain, ordinary or usual sense. State ex Ferris v Bish, 12 N. P. (N.S.) 369. The ordinary or usual sense of the word "preferred" is to give priority to. Bouvier's Law Dictionary states that "preferred" means "that the thing to which it (preferred) is attached, whatever that may be, has some advantage over another thing of the same character, which but for this advantage would be like all others."

Applying this definition to the instant case, the court interprets the legislature's use of the word "preferred" in describing the claim of the Division of Aid for the Aged against a recipient's estate, as giving such

266

claim priority over the claims set forth in §10509-121 GC.

Counsel shall draw the proper entry.